CASE 91—PROSECUTION AGAINST CHURCH BROWN FOR MURDER.—
MARCH 2.

# Brown v. Commonwealth.

APPEAL FROM SCOTT CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

MURDER—CIRCUMSTANTIAL EVIDENCE—FAILURE TO GIVE FULL INSTRUC-
TIONS.

Held: 1. In a prosecution for murder, in which the State's evidence is wholly circumstantial, omission to instruct on voluntary manslaughter and self-defense is reversible error, though no such instructions were requested.

FORD & FORD, ATTORNEYS FOR APPELLANT.

1. We submit that the evidence in this case is not sufficient to authorize the jury to find the defendant guilty, it being substantially the same that it was on the former trial, which this court said on reversing the case, "that at the conclusion of the testimony for the Commonwealth the lower court ought to have peremptorily instructed the jury to find the defendant not guilty."

2. The evidence on this trial, of whatever importance, is purely circumstantial, and where circumstantial evidence has to be relied on to convict, in cases of homicide, it is necessary not only that the circumstances all concur to show that the accused committed the crime, but that they should be incon-

Brown v. Commonwealth.

sistent with any other reasonable hypothesis than that he was the guilty party.

3. Applying this rule to this case, and the further rule that it is the duty of the court to instruct the jury as to whole law of the case, even in the absence of a request to do so, we insist that the defendant has not been legally convicted and we do not believe this court will permit this unjust verdict to stand.

## AUTHORITIES CITED.

Hodges Case, Ky. Lewin Cases, 227; Roscoe Crim. Ev., 6 Am. Ed., 654, 3 Greenleaf, sec. 137; O'Brien v. Com., 89 Ky., 354; State v. Matthews, 66 North Carolina, 106; Wilkerson v. Com., 25 Rep., 780; Brown v. Com., 24 R., 727.

N. B. HAYS, ATTORNEY GENERAL, AND LORAINE MIX, FOR COMMONWEALTH.

1. It is the duty of the court to instruct the jury peremptorily only where there is *no evidence* introduced on the trial to support the verdict.

2. That circumstantial evidence is competent to establish the fact of death and guilt is well established.

3. The principle is well settled, in this State, that a defendant can not plead former jeopardy in any case, if his former conviction was reversed or set aside on a proceeding instituted by himself.

4. It does not appear from the transcript in this case, that any plea in bar was filed by defendant; this was the proper way to have pleaded former jeopardy, if any existed.

## AUTHORITIES.

1. Peremptory instructions. Vowell v. Com., 83 Ky., 193; Patterson v. Com., 86 Ky., 313; Roberts v. Com., 9 Rep., 88; Johnson v. Com., 12 Rep., 982; Green v. Com., 15 Rep., 536; Peters v. Com., 6 Rep., 523; Spencer v. Com., 6 Rep., 622.

2. Circumstantial evidence. Johnson v. Com., 5 Rep., 197, 81 Ky., 325; Greenleaf on Evidence, vol. 3, sec. 137; Rice on Evidence, pp. 544, 566.

3. Jeopardy. A. & E. Ency. of Law, 961; Haskins v. Com., 1 S. W., 8 Rep., 419; Com. v. Arnold, 83 Ky., 1; Veach v. State, 60 Ind., 291.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

This case was before this court on a former appeal, and was reversed because there was not anything with which to connect the accused with the death of Lair, nor was there evidence that Lair came to his death as the result of violence on the part of any one. See opinion, for history of the case, in 69 S. W., 1098. On the return of the case to the lower court, another trial was had, and resulted in appellant's conviction, and a life sentence was imposed, and the case is here again on appeal.

It appears from this record that the Commonwealth on the last trial strengthened its evidence to some extent. We can not say that there was no evidence to sustain a conviction. The record shows that there was not a witness who professed to be an eyewitness to the homicide, or any part of the transaction by which Lair lost his life. Under this state of case, the lower court only gave to the jury two instructions—one, in proper form, on the question of murder; the other on reasonable doubt. The court did not give, nor was it requested to give, instructions on the questions of voluntary manslaughter and self-defense. This, under the law as it exists, as decided by this court, was an error prejudical to the substantial rights of the appellant. In the case of Buckles v. Commonwealth, 68 S. W., 1086, after discussing the question as to whether there is such a substantial difference between error in giving or failing to give the law of the case in instructions, and error in what may be called the practice of the case, in admitting or rejecting testimony, and the like, as would justify this court in taking cognizance of an error in the one case, though not excepted to, when this court would refuse it in the other, the court said: "But when we come to the question on

instruction a different rule obtains. The trial court is required, without request, to give the law, the correct law, and the whole law, of the case. It is not necessary to call the judge's attention to an error. The law requires his attention. It is not only not necessary to specify the error which he has committed, but it is not required that he be requested to give all the law of the case." This court has decided in at least three cases that, when the evidence of the homicide is entirely circumstantial, the whole law applicable to any state of case that might have existed should be given. In the case at bar the whole of the evidence produced against appellant was entirely circumstantial. He testified that he did not take the life of Lair, nor did he have any knowledge or information as to how or by what means he lost his life. If appellant committed the homicide, either by murder, voluntary manslaughter, or in self-defense, and as there was no person present and saw the act, he may have concluded the best thing for his safety and preservation was to deny all knowledge of the transaction. In such state of case, if his crime, in fact, had only been manslaughter, yet, under the instructions given, he must be hung, or confined in the penitentiary for life, not because he was guilty of murder, but for the reason that he told a falsehood when he denied any part in or knowledge of the homicide. In McDowell v. Commonwealth, 4 Ky. Law Rep., 354 (opinion by Judge Hines) the court said. "In cases depending entirely upon circumstantial evidence, it is the duty of the court to give the whole law applicable to any state of case that might have existed." In the case of Rutherford v. Commonwealth, 13 Bush, 608, the court said: "When no witness introduced on the trial saw the homicide committed, or saw the parties after they met on the occasion when the killing occurred,

the law applicable to murder, manslaughter, and self-defense should be given, in order to meet any state of fact the jury may find, from the circumstances in evidence, to have existed." In the case of Justice v. Commonwealth (20 R., 386) 46 S. W., 502, the court said: "While it was the duty of the court to give the whole law of the case, this does not extend to giving the law of apparent necessity, unless there was some proof of that fact, or an entire absence of proof as to how death was produced, and only circumstantial evidence relied on to show the cause. But this court has repeatedly held that, if there be an eyewitness to the homicide, the case is taken outside of circumstantial evidence, and the court is relieved from giving instructions as to all degrees of homicide and self-defense, but will only give those warranted by the proof." To the same effect is section 993 of Roberson's work on Criminal Law.

For these reasons, the judgment of the lower court is reversed, and cause remanded for proceedings consistent herewith.

Judges Paynter and Hobson dissent.